IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS BIEDA, | ) |
| Plaintiff, | ) Civil Action No. 19-967 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 6 |
| CASE NEW HOLLAND INDUSTRIAL, | ) |
| INC. and LAMB & WEBSTER, INC., | ) |
| Defendants. | ) |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Douglas Bieda ("Plaintiff") initiated this action against Defendant Case New Holland Industrial, Inc. ("CNH")[1] and Lamb & Webster, Inc., ("L&W"), alleging claims arising out of his purchase of allegedly defective farming equipment.

Presently before the Court is a Motion to Dismiss filed on behalf of L&W, ECF No. 6, seeking dismissal of Plaintiff's claims for breach of the implied warranty of merchantability (Count I), and breach of the implied warranty of fitness for a particular purpose (Count II). For the reasons that follow, the Motion to Dismiss will be granted.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, Plaintiff visited the L&W store in Grove City, Pennsylvania to discuss his need for a new planter.[3] ECF No. 1-1 ¶ 4. Based upon promises extended by L&W sales

---

[1] CNH has identified the proper Defendant as CNH Industrial America LLC, ECF No. 1 at 1.

[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to a United States Magistrate Judge conducting all proceedings in this case, including the entry of a final judgment. ECF Nos. 11, 12.

[3] Except where noted, the facts set forth in this Opinion are drawn from the allegations in the Complaint and are construed in the light most favorable to Plaintiff. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

personnel related to increased crop production, Plaintiff purchased a 2018 Case IH 2150 12 Row 30 Planter with optional attachments for $168,000. Id. ¶ 5. The Planter was delivered on May 1, 2018. Throughout the following month, L&W's technician failed to complete agreed servicing to ready the Planter for use and, upon start up by Plaintiff, the Planter displayed various error codes and messages indicating a malfunction with the Planter attachments. Id. ¶¶ 6-8. Plaintiff alleges that despite several attempts by L&W technicians, the Planter did not function properly as equipped and, as a result, Plaintiff was unable to satisfactorily or timely complete planting his 2018 corn crop. Id. ¶ 9.

On or about May 30, 2018, L&W determined that CNH issued a service bulletin in January 2018 indicating that the Planter's attachments would not operate properly as equipped, and required that Plaintiff purchase and install a repair kit. Id. ¶¶ 12-13. The kit was not shipped until July 2018, well after planting season, and Plaintiff was forced to complete planting his crops with a malfunctioning Planter. Id. ¶ 14. As a result, Plaintiff's corn was not planted at a sufficient depth, and Plaintiff suffered substantial losses in crop yield, estimated to be approximately $250,000. Id. ¶¶ 15-19.

Plaintiff alleges that at the time he purchased the Planter, L&W was aware that Planter attachments would not operate as equipped. CNH addressed Plaintiff's concerns in the spring of 2019; however, upon commencing planting for the 2019 crop season, Plaintiff experienced continued errors, resulting in partial planting at an insufficient depth, and additional crop yield losses. Id. ¶¶ 22-24.

Plaintiff thereafter commenced this lawsuit in the Court of Common Pleas of Indiana County, Pennsylvania, against CNH and L&W alleging claims for breach of implied warranties of merchantability and fitness for a particular purpose, and breach of contract. ECF No. 1-1. On

August 7, 2019, CNH removed Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction, alleging CNH's status as a Delaware limited liability corporation, and the consent of L&W, a New York corporation. ECF No. 1 ¶¶ 7-9.

L&W has filed the pending Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff fails to state a claim for breach of any implied warranty because the relevant sales documents expressly and conspicuously disclaim all implied warranties. ECF No. 7 at 6. Accordingly, L&W argues that Plaintiff's remedy, if any, is limited to his claim for breach of contract. Plaintiff has filed his response in opposition to the motion and argues that express oral and written representations made at the time of sale give rise to independent implied warranties of merchantability and fitness for a particular purpose that survive the disclaimers set forth in the pertinent sales documents. ECF No. 14 at 4-7. L&W filed its reply and contends that pursuant to Pennsylvania law, the conspicuous disclaimers apply to any pre-sale promises, and that any injury suffered by Plaintiff resulted from defects in the Planter itself, which Plaintiff correctly attributes to CNH. ECF No. 15. In sum, L&W contends that Plaintiff cannot maintain his claims for the breach of any implied warranties as a matter of law, and dismissal is appropriate. The Motion to Dismiss is ripe for consideration.

## II.   STANDARD OF REVIEW

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Prop. Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Twombly, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ethypharm S.A. France v. Abbott Laboratories, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> Twombly and Iqbal require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, in deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. See, e.g., Pension Benefit

Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court therefore has considered the exhibits attached to Plaintiffs' Complaint, ECF Nos. 1-1 at 12-18, as well as the underlying purchase order and retail installment sale contract attached to the Motion to Dismiss at ECF Nos. 6-1 and 6-2.

**III.     DISCUSSION**

As an initial matter, the parties do not dispute that Pennsylvania law applies to Plaintiff's breach of warranty claims.

With regard to Plaintiff's claim of breach of the warranty of fitness for a particular purpose, Section 2315 of Pennsylvania's Uniform Commercial Code provides:

> Where the seller at the time of contracting has reason to know:
>
> (1) any particular purpose for which the goods are required; and
>
> (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods;
>
> there is unless excluded or modified under section 2316 (relating to exclusion or modification of warranties) an implied warranty that the goods shall be fits for such purpose.

13 Pa. Cons. Stat. Ann. § 2315.  Section 2316, governing exclusion of warranties, provides in relevant part as follows:

> (b) Implied warranties of merchantability and fitness.—Subject to subsection (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
>
> (c) Implied warranties in general.—Notwithstanding subsection (b):
>
> (1) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which

5

> in common understanding calls the attention of the buyer to the exclusion of warranties and makes plain that there is no implied warranty.
>
> (2) When the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him.
>
> (3) An implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.

13 Pa.C.S.A. § 2316. L&W points to the language appearing on both the L&W Purchase Order and the CNH Retail Installment Sale Contract expressly disclaiming all implied warranties and contends that, in light of the disclaimers, Plaintiff cannot maintain his claims for breach of implied warranty of merchantability (Counts I) and for breach of implied warranty of fitness for particular purpose (Count II).[4]

Through the Purchase Order, L&W agrees to provide the Planter "built as specified in attached sheet. Planter to be delivered to customer to set up himself. Cost includes 2 full days of Technician on the farm to verify correct setup and to get running and calibrated in field." ECF No. 6-1 at 1. The Purchase Order further indicates that the Planter is sold new "with Case IH New manufacturer warranty." Id. In upper-case letters, the Purchase Order further provides:

> OTHER THAN THE WARRANTY OR MANUFACTURER'S WARRANTY REFERRED TO ABOVE, IF EITHER IS APPLICABLE, THERE ARE NO OTHER WARRANTIES MADE BY DEALERS OR ITS REPRESENTATIVE, EXPRESS OR IMPLIED, OR TO MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE….

Id. Plaintiff and L&W's sales representative executed and dated the Purchase Order under the quoted language.

---

[4] Plaintiff stipulates "to the addition of L&W's Exhibits 1 and 2 as part of the pleadings. Plaintiff did not have copies of these Contracts when he filed the Complaint, but would have included them if he did." ECF No. 14 at 3.

The accompanying CNH Retail Installment Sale Contract, also executed by Plaintiff at the time of sale, sets forth in bold upper-case letters at paragraph one of the "Agreement Provisions" as follows:

> NO WARRANTY. THE EQUIPMENT IS SOLD AS IS AND WITH ALL FAULTS, SUBJECT TO ANY APPLICABLE MANUFACTURER'S EXPRESS, WRITTEN WARRANTY. NEITHER SELLER NOR MANUFACTURER MAKE ANY OTHER REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AND SPECIFCALLY DISCLAIM THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. NEITHER SELLER NOR MANUFACTURER WILL BE LIABLE FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM A BREACH OF THE EXPRESS WARRANTY OR ANY IMPLIED WARRANTY IMPOSED BY LAW.

ECF No. 6-2 at 2.

Disclaimers such as appear here have been held enforceable within Section 2316(b) of the Pennsylvania Commercial Code except where the disclaimer is not provided to the purchaser at the time of sale or is deemed inconspicuous. See, e.g., Axalta Coating Systems, LLC v. Midwest II, Inc., 217 F. Supp. 3d 813, 819 & n. 45 (E.D. Pa. 2016) (conspicuous disclaimers of implied warranties of merchantability and fitness for a particular purpose are enforceable under Pennsylvania law); Allen-Myland, Inc. v. Garmin Intern., Inc. 140 A.3d 677, 684-688 (Pa. Super. 2016) (issue of fact is presented as to whether disclaimer is part of the parties' bargain when disclaimer is not provided to purchaser until subsequent delivery of product); Borden, Inc. v. Advent Ink Co., 701 A.2d 255, 259 (Pa. Super. Ct. 1997) (where exclusion of warranties of merchantability or fitness for a particular purpose appear in writing, the question to be resolved is whether the exclusion is conspicuous).

In light of Pennsylvania's longstanding enforcement of conspicuous warranty disclaimers such as those at issue here, Plaintiff opposes the Motion to Dismiss on two separate grounds.

First, Plaintiff argues that the seller's verbal promises regarding suitability of the equipment for Plaintiff's needs which were extended prior to purchase give rise to an implied warranty of fitness for a particular purpose that cannot be avoided by reference to the written disclaimer. ECF No. 14 at 4-5. Plaintiff's argument, however, is not supported by citation to applicable case law or statute. Rather, Pennsylvania law makes clear that an exclusion of implied warranties is valid where it is in writing, conspicuous, and specifically disclaims a warranty for fitness for a particular purpose using the language suggested by Section 2316(b) of the Pennsylvania Commercial Code. Kaiser Martin Group, Inc. v. Haas Door Co., No. 19-1823, 2019 WL 2774192 *5 (E.D. Pa. July 2, 2019) (granting motion to dismiss breach of implied warranty claims where disclaimer was conspicuous and entered into at time of purchase; failure of parties to discuss the disclaimer does not limit effectiveness). Accordingly, an implied warranty of fitness for a particular purpose cannot be deemed to have survived the Purchase Order or retail sale agreement.

Plaintiff next argues that the Motion to Dismiss should be denied because an implied warranty of merchantability arises from a term of the Purchase Order whereby L&W states that it will provide "2 full days of Technician on the farm to verify correct setup and to get running and calibrated in field." ECF No. 14 at 5-7. L&W responds that this provision is properly the subject of Plaintiff's claim for breach of contract and that at best, it gives rise to an express warranty and not a claim for breach of an implied warranty. ECF No. 15 at 2-3. The Court agrees that this term is appropriately the subject of a breach of contract or breach of express warranty and does not impact the effectiveness of the clear disclaimer of implied warranties allegedly arising in connection with the Planter sale. Similarly, in Woolums v. National RV, 530 F. Supp. 2d 691, 699-702 (M.D. Pa. 2008), the Court held that a covenant to repair or replace an RV motor home

gave rise to a bargained-for express warranty and was subject to triable issues of fact regarding the dealer's compliance. However, the provision did not impair a conspicuous disclaimer of implied warranties of merchantability or fitness for a particular purpose appearing on the same page and, accordingly, summary judgment was granted as to the plaintiff's implied warranty claims. Id. at 702.

Here, the Court similarly finds that L&W expressly warranted that it would ensure correct setup and that the Planter was "running and calibrated in field." ECF No 6-1 at 1. To the extent it failed to do so, or performance was such that this provision failed its essential purpose, Plaintiff's claim is properly the subject of his breach of contract claim or a possible breach of express warranty claim.

Because the deficiencies in Plaintiff's breach of implied warranty claims are not capable of cure through amendment, Plaintiff's breach of the implied warranty of merchantability (Count I) and breach of the implied warranty of fitness for a particular purpose (Count II) are dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendant Lamb & Webster, Inc.'s Motion to Dismiss Counts I and II of Plaintiff's Complaint, ECF No. 6, is properly granted. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 3rd day of October, 2019, upon consideration of the Motion to Dismiss filed on behalf of Defendant Lamb & Webster, Inc., ECF No. 6, and the briefs filed in support and in opposition thereto, ECF Nos. 7, 14, and 15, and for the reasons set forth in the accompanying Opinion,

IT IS HEREBY ORDERED that the Motion to Dismiss is granted and Plaintiff claims for breach of implied warranty of merchantability (Count I) and breach of implied warranty for fitness for a particular purpose (Count II) are dismissed with prejudice.

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing